

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# USA v. Tomko

Precedential or Non-Precedential: Precedential

Docket No. 05-4997

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Tomko" (2007). *2007 Decisions*. Paper 498.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/498

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4997

_____

UNITED STATES OF AMERICA,

Appellant

v.

WILLIAM TOMKO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00108)
District Judge:  Honorable Gary L. Lancaster

_____

Argued October 24, 2006
Before:  SMITH, FISHER and COWEN, *Circuit Judges*.

**ORDER AMENDING OPINION**


IT IS HEREBY ORDERED that the opinion in the above case, filed August 20, 2007, be amended as follows:

Page 15, footnote 7, second and third sentences, which read:
> The dissent argues we impermissibly re-weigh the District Court's consideration of some of the § 3553(a) factors, and in doing so, engage in *de novo* review.  *See* Dissenting Op. at 49-50 . . .

shall read:
> The dissent argues we impermissibly re-weigh the District Court's consideration of some of the § 3553(a) factors, and in doing so, engage in *de novo* review.  *See* Dissenting Op. at 48 . . .

Page 16, footnote 7, first full paragraph, first two sentences, which read:

> As an alternative to our approach, the dissent proposes an exceedingly limited, procedurally focused review that would require us to subordinate our own analysis of a sentence's substantive compliance with the § 3553(a) factors to the District Court's analysis. *See* Dissenting Op. at 49 ("The majority would, apparently, have applied these factors differently had it been the sentencing court. I would have done so as well."); *id.* at 39 . . .

shall read:

> As an alternative to our approach, the dissent proposes an exceedingly limited, procedurally focused review that would require us to subordinate our own analysis of a sentence's substantive compliance with the § 3553(a) factors to the District Court's analysis. *See* Dissenting Op. at 47 ("The majority would, apparently, have applied these factors differently had it been the sentencing court. I would have done so as well."); *id.* at 38 . . .

Page 39, first full paragraph, fifth and sixth sentences, which read:

> Perhaps to avoid the obvious conclusion that we should hold this case c.a.v. pending the resolution of *Gall*, the majority instead states that, in its reasoning, "we do not mean to suggest a formulaic application of the 'proportionality principle' that has been adopted by so many of our sister circuits." Maj. Op. at 28.

shall read:

> Perhaps to avoid the obvious conclusion that we should hold this case c.a.v. pending the resolution of *Gall*, the majority instead states that, in its reasoning, "we do not mean to suggest a formulaic application of the 'proportionality principle' that has been adopted by so many of our sister circuits." Maj. Op. at 27.

Page 39, first full paragraph, seventh and eighth sentences, which read:

> Yet the majority implicitly adopts such a principle by concluding that the sentence in this case, which varies from the Guidelines, is unreasonable because it concludes "that the § 3553(a) factors advocate in the strongest possible terms for

a sentence including a term of imprisonment." Maj. Op. at 27.

shall read:

Yet the majority implicitly adopts such a principle by concluding that the sentence in this case, which varies from the Guidelines, is unreasonable because it concludes "that the § 3553(a) factors advocate in the strongest possible terms for a sentence including a term of imprisonment." Maj. Op. at 26.

Page 48, second and third full sentences, which read:

For example, the majority states that "while negligible criminal history may have been an appropriate factor for the sentencing court to consider, on its own it does not provide strong support for the variance in this case, given that it was already factored into Tomko's base offense level." Maj. Op. at 31.

shall read:

For example, the majority states that "while negligible criminal history may have been an appropriate factor for the sentencing court to consider, on its own it does not provide strong support for the variance in this case, given that it was already factored into Tomko's base offense level." Maj. Op. at 30.

Page 48, first full paragraph, which read:

Similarly, the majority discounts Tomko's strong record of employment. The majority correctly states that "record of employment is relevant as an aspect of a defendant's history and characteristics." Maj. Op. at 31. It goes on to conclude, however, that "this factor is certainly not in itself a reasonable basis for the sentence in this case." Maj. Op. at 32. . . .

shall read:

Similarly, the majority discounts Tomko's strong record of employment. The majority correctly states that "record of employment is relevant as an aspect of a defendant's history and characteristics." Maj. Op. at 30. It goes on to conclude, however, that "this factor is certainly not in itself a reasonable basis for the sentence in this case." Maj. Op. at 31. . . .

3

Page 50, first full paragraph, which read:

> The majority recognizes that "it is well within the discretion of a sentencing judge to consider" charity. Maj. Op. at 33. The majority, though, finds "that Tomko's 'support in the community' and 'charitable work' simply did not justify the variance that was granted in this case," and concludes that "this single factor fails to justify the downward variance granted in this case." Maj. Op. at 36.

shall read:

> The majority recognizes that "it is well within the discretion of a sentencing judge to consider" charity. Maj. Op. at 32. The majority, though, finds "that Tomko's 'support in the community' and 'charitable work' simply did not justify the variance that was granted in this case," and concludes that "this single factor fails to justify the downward variance granted in this case." Maj. Op. at 35.

Page 52, first line through second sentence, which read:

> . . . the majority makes the conclusory statement that "[v]iewed cumulatively, the three factors considered by the District Court as mitigating factors–negligible criminal history, support and ties in the community and charitable work, employment record–pale in comparison to the numerous § 3553(a) factors suggesting that a term of imprisonment is warranted in cases of tax evasion as willful and brazen as Tomko's." Maj. Op. at 37.

shall read:

> . . . the majority makes the conclusory statement that "[v]iewed cumulatively, the three factors considered by the District Court as mitigating factors–negligible criminal history, support and ties in the community and charitable work, employment record–pale in comparison to the numerous § 3553(a) factors suggesting that a term of imprisonment is warranted in cases of tax evasion as willful and brazen as Tomko's." Maj. Op. at 36.

Page 55, first full paragraph, which read:

> The majority asserts that "[a]s a number of our sister circuits have recognized, 'unjustified reliance upon any one [§ 3553(a)] factor is a symptom of an unreasonable sentence.'" Maj. Op. at 36-37 . . .

4

shall read:

> The majority asserts that "[a]s a number of our sister circuits have recognized, 'unjustified reliance upon any one [§ 3553(a)] factor is a symptom of an unreasonable sentence.'" Maj. Op. at 35-36 . . .

Page 56, first and second lines, which read:

> deterrence, specific deterrence, and rehabilitation." Maj. Op. at 23 n.9 . . .

shall read:

> deterrence, specific deterrence, and rehabilitation." Maj. Op. at 22 n.9 . . .

By the Court,

*/s/ D. Michael Fisher*
Circuit Judge

Dated:  August 21, 2007
CLC\cc: Alan Hechtkopf, Esq.                    S. Robert Lyons, Esq.
           Cynthia R. Eddy, Esq.                         J. Alan Johnson, Esq.

5